UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

ZONEY WILLIAMS, KARENDAWN MORGAN,
all others similarly situated under 29 U.S.C. 216(B),

    Plaintiffs,

v.

MOODY MANOR, INC., a Florida non-profit
corporation and MARY P. BRIGGS, individually,

    Defendants.
_____/

## COLLECTIVE ACTION COMPLAINT

Plaintiff, Zoney Williams ("Williams"), on behalf of herself and all others similarly situated, brings this action against Defendants, Moody Manor, Inc. ("Moody") and Mary P. Briggs ("Briggs"), for violations of the Fair Labor Standards Act ("FLSA"), and alleges, as follows:

### NATURE OF ACTION

1. Plaintiff brings this action on behalf of herself and similarly situated current and former non-exempt employees of Defendant, Moody Manor, a home health living facility, for damages and other relief relating to Defendants' violation of FLSA.

2. Specifically, it has been Defendants' policy to deprive its non-exempt employees, including Plaintiffs, of earned wages by failing to pay them time-and-one-half overtime premiums for the hours they work in excess of forty (40) hours per week, as required by Federal law.

3. Defendant's payroll and compensation policies and practices with respect to its non-exempt employees are uniform.

4. Plaintiff, Karendawn Morgan ("Morgan"), has consented in writing to be a part of this Action pursuant to 29 U.S.C. § 216(b). Plaintiffs' signed consent forms are attached as **Exhibits A and B**, respectively.

## PARTIES, JURISDICTION, AND VENUE

5. This is an action arising under the 28 U.S.C. §§ 201-216, within the jurisdiction of the Court, pursuant to 28 U.S.C. § 1331.

6. At all material times, Plaintiff is and was a resident of Broward County, Florida.

7. Briggs is an individual *suris juris* and a resident of Miami-Dade County, Florida.

8. Moody is a Florida non-profit corporation, authorized to conduct and conducting business in Broward County, Florida.

9. Venue is proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1391.

10. The Defendant is located in, the causes of action accrued, and Plaintiff resides in Broward County, Florida.

## FACTUAL ALLEGATIONS

11. At all material times, Moody is and was a home health living facility, and a covered "employer" as defined by Section 3(d) of the FLSA, 29 U.S.C. § 203(d), with gross sales in excess of $500,000.00.

12. Plaintiff was employed by Moody as a nurse/caregiver and a cook/housekeeper from approximately February, 2007 to April, 2015 ("Relevant Time Period").

13. In addition, at all material times, Moody currently employs and has employed other similarly situated nurses/caregivers and cooks/housekeepers.

14. Plaintiffs and other similarly situated nurses/caregivers and cooks/housekeepers are/were "non-exempt" "employees" of Moody as those terms are defined in the FLSA.

15. During the Relevant Time Period, Plaintiff worked an average of forty-eight (48) total hours per week for Moody, eight (8) hours of which were overtime hours.

16. However, Plaintiff was not properly compensated for the additional overtime hours worked, but instead was paid "straight time" for such additional overtime hours.

17. In addition, Plaintiff and all other similarly situated periodically worked the "extra resident" shift, which required the employees to remain on the premises overnight, on "on-call" duty.

18. However, Plaintiff and all other similarly situated were not properly compensated for all hours worked by them during these shifts since they were only paid $25.00 for all hours worked.

19. This practice is captured in and evidenced by Defendant's payroll records.

20. Mary P. Briggs, is an officer/director of the Defendant, Moody, and has economic control of Moody and of the nature and structure of the Plaintiff's employment relationship with Moody.

21. Briggs and Moody were aware of the overtime requirements of the FLSA and willfully failed to abide by them and/or to investigate whether their payroll practices were in accordance with the FLSA.

22. Defendants, Moody and Briggs, as President of Moody, willfully and intentionally failed/refused to timely pay to Plaintiff, and other similarly situated, the proper required overtime rate, as required by the FLSA.

## FLSA COLLECTIVE ALLEGATIONS

23. This action is properly brought as a collective action pursuant to the collective action procedures of the FLSA. There are numerous similarly situated current and former employees of Moody, who have been denied appropriate compensation in violation of the FLSA, and who would benefit from the issuance of a Court supervised notice of the present lawsuit and the opportunity to join same. Those similarly situated employees are known to Defendants' and are readily identifiable through its records.

24. Plaintiff brings this action individually and on behalf of all other similarly situated individuals pursuant to the FLSA, 29 U.S.C. § 216(b). Plaintiff and the similarly situated individuals worked for Defendants as nurses, care givers, cooks, housekeepers, or in other positions with similar job titles or job duties. The proposed collective class is defined as follows (the "FLSA collective"):

> **All non-exempt employees who worked as nurses, caregivers, cooks, housekeepers, or in other positions with similar job titles or job duties for Defendants at any time from three years prior to the filing of this Complaint until the present.**

## PRE-SUIT DEMAND

25. On June 19, 2015, Williams through her undersigned counsel, sent to Moody a written pre-suit demand regarding the violations of the overtime provisions of the FLSA, and requesting Defendants pay the amounts owed to Plaintiff, but Defendants failed/refused to do so ("Demand"). A copy of the Demand is attached as **"Exhibit C"**.

26. On June 30, 2015, Morgan through her undersigned counsel, sent to Moody a written

pre-suit demand regarding the violations of the overtime provisions of the FLSA, and requesting Defendants pay the amounts owed to Plaintiff, but Defendants failed/refused to do so ("Demand"). A copy of the Demand is attached as **"Exhibit D"**.

## COUNT I-
## VIOLATIONS OF THE OVERTIME PROVISIONS OF FLSA
### (On behalf of Plaintiff and the FLSA Collective)

27. Plaintiff re-alleges paragraphs 1 through 22 above.

28. The FLSA, 29 U.S.C. § 207, requires employers to pay all non-exempt employees one and one-half (1.5) times the regular rate of pay for all hours worked over forty (40) per week.

29. Plaintiff and the FLSA collective are employees entitled to FLSA overtime compensation for all hours worked in excess of forty (40) hours per week.

30. Plaintiff and the FLSA collective routinely worked in excess of forty (40) hours per week, and did not receive the appropriate overtime compensation from Defendants.

31. By failing to pay Plaintiff and the FLSA collective all of the overtime compensation they are due, Defendants violated the FLSA.

32. Defendants' policies and practice, as described herein, constitute a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

33. Because Defendants willfully violated the FLSA, a three (3) year statute of limitations apply to such violation, pursuant to 20 U.S.C. § 255(a).

34. As a result of Defendants' unlawful pay practices, Plaintiff and the FLSA collective have suffered and continue to suffer a loss of wages and are therefore entitled to recover unpaid overtime wages for up to three years prior to the filing of their claims, liquidated damages,

prejudgment interest, reasonable attorneys' fees and costs, and other compensation pursuant to 29 U.S.C. § 261(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the FLSA collective, prays for relief as follows:

(a) That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action pursuant to 29 U.S.C. § 216(b), or that the Court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, been employed by Defendants as Nurses, Caregivers, Cooks and Housekeepers. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

(b) Designation of Plaintiff as class representative, and counsel of record as Class Counsel;

(c) Judgement against Defendants for violation of the overtime provisions of the FLSA;

(d) Judgement that Defendants' violations as described above were willful;

(e) An award in an amount equal to the unpaid back wages owed to Plaintiff and those similarly situated at the applicable overtime rate;

(f) An equal amount to the unpaid back wages as liquidated damages;

(g) An award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216 and/or other applicable laws;

(h) An award of prejudgment interest to the extent liquidated damages are not awarded;

(i) Leave to amend the Complaint to add state law claims; and,

(j) For such other and further relief, in law or equity, as this Court deems just and proper.

## PLAINTIFF'S DEMAND FOR JURY TRIAL

35. Pursuant to Rule 38(b), of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial of all issues so triable.

Respectfully submitted this 18th day of April, 2016.

By: /s/ Monica Espino
Florida Bar No. 834491

ESPINO LAW
Attorney for Plaintiff
2100 Coral Way, Suite 300
Miami, Florida 33145
Telephone:   (305) 704-3172
Facsimile:    (305) 722-7378
E-mail:   me@espino-law.com